### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KELLY PATRICK DONALDSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 10-447-FHS-SPS** |
| | ) | |
| **DOUG CANANT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss (Docket Nos. 21 and 27) and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. Plaintiff, an inmate who is incarcerated in the Bryan County Jail in Durant, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages, injunctive relief, and declaratory relief for alleged constitutional violations related to his arrest for Planning a Violent Act in Bryan County District Court Case No. CF-2009-329. The remaining defendants are Doug Canant, Probation and Parole Officer for the State of Oklahoma; Matt Stubblefield, Bryan County Assistant District Attorney; and Bryan County District Judge Mark Campbell.

Plaintiff alleges he is being maliciously prosecuted in Case No. CF-2009-329. He claims Defendant Doug Canant, his probation and parole officer, had him charged with Planning a Violent Act, based on perjured testimony and an alleged audiotape fabricated by Canant. He further alleges Defendant Matt Stubblefield, Bryan County Assistant District Attorney, questioned Canant in plaintiff's March 1, 2010, preliminary hearing about the alleged incriminating audiotape. At plaintiff's March 22, 2010, disposition hearing, District

Judge Mark Campbell ordered the audiotape to be turned over by April 5, 2010. Defendant Canant failed to appear at plaintiff's May 11, 2010, non-jury trial because of illness, and the State was granted a continuance. Plaintiff's motion for relief with regard to his bond also was denied on that date.

When plaintiff went to court on a pending motion on November 2, 2010, Judge Campbell asked plaintiff's counsel if counsel was aware of plaintiff's pending applications for writs of habeas corpus filed on September 29, 2010. Counsel stated he did not know about the applications, so the judge did not make a ruling on them. According to the docket sheet in the case, the court struck all pending pro se motions on November 5, 2010.

Defendants Judge Mark Campbell and Matt Stubblefield have filed a motion to dismiss, alleging, among other things, that they possess absolute judicial and prosecutorial immunity from suit. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Prosecutors also possesses prosecutorial immunity from § 1983 lawsuits which are predicated on performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The court, therefore, finds Defendants Campbell and Stubblefield are immune from this § 1983 lawsuit and grants their motion to dismiss with prejudice.

Defendant Doug Canant also has moved for dismissal, alleging plaintiff's claim is not ripe, because Bryan County Case No. CF-2009-329 still is pending. To the extent plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must

prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254).  Because plaintiff has not presented evidence that his conviction or sentence has been so invalidated, the court finds his claim for damages against Defendant Canant is not cognizable under § 1983 at this time.  Defendant Canant is dismissed without prejudice.

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915.  Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact.  *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Defendants Judge Mark Campbell and Matt Stubblefield are DISMISSED WITH PREJUDICE, Defendant Doug Canant is DISMISSED WITHOUT PREJUDICE, and this action is, in its entirety, DISMISSED AS FRIVOLOUS.

IT IS SO ORDERED this 19th day of September, 2011.

Frank H. Seay
United States District Judge